UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAUNA FRANKLIN.<br><br>　　　　Defendant. | No. 2:25-cv-1701-DJC-CKD (PS)<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff Justin Walker initiated this action on June 17, 2025, with a pro se[1] complaint, a motion to proceed in forma pauperis ("IFP"), and a motion for a temporary restraining order. (ECF Nos. 1, 2, 3.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the motion is granted. For the reasons set forth below, the motion for a temporary restraining order should be denied and the complaint should be dismissed without leave to amend because plaintiff seeks relief from a defendant who is immune from a suit for damages and the court cannot grant the injunctive relief plaintiff seeks.

**I.   Allegations in the Complaint**

The very brief complaint references Sacramento County Superior Court Case No. 23FE001483 and states plaintiff is the owner of the property at 4308 Greenholme Drive,

---

[1] Because plaintiff proceeds without counsel, this matter is referred to the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   Apartment 44, in Sacramento, California. (ECF No. 1 at 1.) Defendant, Shauna Franklin, is
2   alleged to be a federal employee or agent who seized plaintiff's property on January 1, 2024,
3   without a warrant, consent, or just compensation. (Id. at 2.) Plaintiff seeks damages and injunctive
4   relief for alleged violations of his Fourth Amendment right to be free from unreasonable searches
5   and seizures and Fifth Amendment right to be free from the taking of private property without
6   just compensation. (Id.)

In the motion for a temporary restraining order, plaintiff further alleges defendant "brought the case" against him. (ECF No. 3 at 1.) Plaintiff requests relief in the form of "suppression of evidence and dismissal of case by Shauna Franklin." (Id.)

## II.  Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000) (en banc). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes the allegations in the light most favorable to the plaintiff. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011). In addition, the court liberally construes pro se pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122).

## III.  Discussion

### A. The motion for a temporary restraining order should be denied.

The local rules of this court impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Plaintiff has not met these requirements. See also Fed. R. Civ. P. 65(b)(1) (setting forth the circumstances under which a court may issue a

temporary restraining order "without written or oral notice to the adverse party").

In addition, the court cannot grant plaintiff the requested relief in the form of suppression of evidence and dismissal of his criminal case. Federal courts must abstain when a federal plaintiff seeks federal intervention, before a state criminal trial, to resolve isolated and discrete trial issues such as admissibility of evidence. See Dubinka v. Judges of the Superior Court of Calif., 23 F.3d 218, 223 (9th Cir.1994) (citing Younger v. Harris, 401 U.S. 37 (1971) and Perez v. Ledesma, 401 U.S. 82, 84-85 (1971)). Separately, under the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court is "barred from enjoining or staying proceedings in state court."[2] See Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009). The Anti-Injunction Act "is interpreted broadly and includes injunctions directed at the parties rather than the state court itself." Id. (citing Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970)).

Moreover, plaintiff fails to allege immediate threatened injury which is a prerequisite to preliminary injunctive relief. See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). Vague and conclusory allegations of imminent harm do not suffice. See generally FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), cert. denied, 523 U.S. 1020 (1998).

Finally, as set forth below, since plaintiff has not stated a cognizable claim, plaintiff cannot show a likelihood of success on the merits as required for preliminary injunctive relief to issue. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (setting forth the factors a court considers in deciding whether to issue a temporary restraining order); Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). Likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023).

---

[2] There are three narrowly interpreted statutory exceptions in the Anti-Injunction Act, none of which apply here. See 28 U.S.C. § 2283.

Without showing a likelihood of success on the merits, plaintiff cannot establish that a temporary restraining order is appropriate. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20). Accordingly, the motion for a temporary restraining order should be denied.

### B.  The complaint should be dismissed without leave to amend.

Plaintiff seeks relief for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 1.) A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

Plaintiff's complaint for monetary damages and injunctive relief must be dismissed. First, under any reasonable construction of plaintiff's allegations, the sole named defendant cannot be sued for damages under 42 U.S.C. § 1983. Plaintiff's complaint alleges defendant is located at the Sacramento County Superior Court. (See ECF No. 1 at 1.) This court takes judicial notice of the existence of the referenced Case No. 23FE001483, which is a pending case in the Sacramento County Superior Court in which plaintiff is the criminal defendant.[3] See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute…."); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (courts may take judicial notice of records and filings of other court proceedings). The court also takes judicial notice that defendant Shauna Franklin is a judge for the Superior Court of the State of California, County of Sacramento.[4] See Minier v. Cent. Intel. Agency, 88 F.3d 796, 798 (9th Cir. 1996) (taking judicial notice that the plaintiff-appellant was a Municipal Court Judge).

---

[3] This information is publicly available at https://services.saccourt.ca.gov/PublicCaseAccess/.
[4] This information is publicly available at https://courts.ca.gov/courts/superior-courts/judges-roster.

Second, the defendant is immune from suit for monetary damages. Judges are absolutely immune from liability under 42 U.S.C. § 1983 for damages for their judicial acts, "even when such acts are in excess of their jurisdiction [or] are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quotation omitted).

In the alternative, accepting as true plaintiff's allegation that defendant is a federal agent or employee, under those circumstances, plaintiff cannot establish the defendant acted under color of state law, as required for liability under 42 U.S.C. § 1983. See Polk County, 454 U.S. at 317-18. Setting aside that the complaint seeks relief under 42 U.S.C. § 1983, a plaintiff may bring a claim for the violation of certain constitutional rights against a federal official under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Here, though, plaintiff does not plausibly allege specific facts that defendant took any action as a federal official in violation of his constitutional rights, and it clearly appears he cannot do so.

Third, as to the complaint's request for injunctive relief, "judicial immunity is not a bar to prospective injunctive relief." Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, as set forth above, this court cannot grant plaintiff the injunctive relief he seeks in relation to his pending criminal case.

Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Leave to amend shall be freely given, but the court does not have to allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). In this case, plaintiff seeks damages for acts related to the initiation and presentation of a criminal prosecution. Defendant is immune from such a suit for damages, and it clearly appears the court cannot grant plaintiff the requested injunctive relief pertaining to his criminal case. Granting leave to amend would be futile.

### IV. Order and Recommendation

In accordance with the above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

////

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for a temporary restraining order (ECF No. 3) be denied.
2. This action be dismissed without leave to amend.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 20, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, walk25cv1701.scrn.tro